JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>KENNETH LOVELACE, et al.,<br><br>             Defendants. | Case No. CV 15-5136-GW(JCx)<br><br>ORDER FOR ENTRY OF JUDGMENT,<br>ORDER OF FORECLOSURE, AND<br>SALE OF THE SUBJECT PROPERTY |

Based on the stipulation between plaintiff United States of America ("United States") and defendants Kenneth Lovelace, Evelyn L. Lovelace, and K&E Lovelace 2000-I Limited Partnership ("K&E Lovelace LP")(collectively "Defendants"), and for good cause appearing herein:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.      On September 4, 2015, the United States filed its First Amended Complaint (1) to Reduce Joint Federal Tax Assessments to Judgment; (2) to Determine that Real Property is Titled to K&E Lovelace 2000-I Limited Partnership as Nominee for the Benefit of Kenneth and Evelyn Lovelace; and (3) to Foreclose Federal Tax Liens on Real Property ("Amended Complaint").  (Dkt. No. 29).

2.      On October 2, 2015, Defendants filed their Answer to Amended Complaint.

(Dkt. No. 45).

## FIRST CAUSE OF ACTION: REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AGAINST DEFENDANTS KENNETH LOVELACE AND EVELYN LOVELACE

### (Stipulated between the United States, Kenneth Lovelace, and Evelyn Lovelace)

3.     The first cause of action in the Amended Complaint is to reduce to judgment joint federal income tax assessments against Kenneth Lovelace and Evelyn Lovelace.

4.     The balances due for Kenneth Lovelace's and Evelyn Lovelace's joint federal income tax (Form 1040) liabilities for the periods at issue in plaintiff's first cause of action, calculated to July 8, 2015, are as follows:

| Tax Year | Account Balance |
|---|---|
| 1999 | $      352,432.71 |
| 2000 | $      530,169.77 |
| 2001 | $        48,248.38 |
| 2002 | $          1,942.20 |
| 2011 | $          2,925.79 |
| **TOTAL** | $      935,718.85 |

5.     Additional amounts will continue to accrue after July 8, 2015, as allowed by law.

6.     The balances due to the United States in Paragraph 3 above, plus accrued penalties and interest, are hereby reduced to judgment as against defendants Kenneth Lovelace and Evelyn Lovelace, resolving the First Cause of Action in favor of the United States.

## SECOND CAUSE OF ACTION: DETERMINE THAT THE SUBJECT PROPERTY IS TITLED TO K&E LOVELACE LP AS A NOMINEE FOR THE BENEFIT OF THE DEFENDANTS

### (Stipulated between the United States and Defendants)

2

7.    The second cause of action in the Amended Complaint seeks a determination that the real property legally described in the Office of the County Clerk of Los Angeles County, California as:

> Lot 109 of Tract 17786 as per map recorded in Book 589, Pages 44 to 48 inclusive of Maps, in the Office of the County Recorder of said county.

(the "subject property") is held by K&E Lovelace LP as a nominee entity for the benefit of Kenneth Lovelace and Evelyn Lovelace.

8.    When Kenneth Lovelace and Evelyn Lovelace titled the subject property to K&E Lovelace LP, Kenneth Lovelace and Evelyn Lovelace retained, and intended to retain, beneficial ownership of the subject property.

9.    Kenneth Lovelace and Evelyn Lovelace are the true owners of the subject property.

### THIRD CAUSE OF ACTION: FORECLOSE FEDERAL TAX LIENS AGAINST REAL PROPERTY

#### (Stipulated between the United States and Defendants)

10.    The third cause of action in the Amended Complaint seeks to foreclose the federal tax liens against the subject property.

11.    The United States has valid Federal income tax liens on all property owned by Defendants for the balances due for the tax periods described in Paragraph 3 of this stipulation.

12.    The United States has the right to judicially foreclose its 1999, 2000, 2001, 2002, and 2011 Federal income tax liens against the subject property and defendants do not oppose judicial foreclosure of the Federal income tax liens against such property by the United States subject to the conditions herein.

13.    The United States will stay its right to foreclose on the subject property until **June 30, 2017**, to allow Kenneth Lovelace and Evelyn Lovelace the opportunity to satisfy their outstanding tax liabilities or to allow for a private sale of the subject real property as described in the following paragraphs of this stipulation.  The intent of this

stipulation is to provide defendants time to sell the subject property to achieve the highest sale price and avoid forced sale of the subject property and/or obtain refinancing to be used to satisfy the outstanding Federal income tax liabilities to allow defendants to keep their house.

14.    From the date of this stipulation and continuing until the subject property is yielded to a purchaser, or until Defendants full pay their federal income tax debts listed in Paragraph 3 above, Defendants:

     a.  Shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Property;

     b.  Any and all existing property insurance policies held by Defendants relating to the subject property shall be modified to designate the United States of America as a beneficiary, to be paid after the mortgage lender's balance is paid in full.  Proof that the United States has been named as a beneficiary under any such property insurance agreement must be provided to the undersigned counsel for the United States within 21 days of entry of this order.

     c.  Shall timely pay all real property taxes, mortgage payments (if applicable), homeowners association dues (if applicable), and homeowner insurance premiums;

     d.  Shall neither commit waste against the subject property nor cause nor permit anyone else to do so;

     e.  Shall neither do anything that tends to reduce the value or marketability of the subject property nor cause nor permit anyone else to do so; and

     f.  Shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage

potential bidders from participating in the public auction, nor cause nor permit anyone else to do so.

15.     The United States shall stay its right to foreclose from the date of this judgment until **June 30, 2017**.  If Defendants breach the conditions in Paragraph 13 above, the United States will not be required to stay its right to conduct a foreclosure.

## PRIVATE SALE OF SUBJECT REAL PROPERTY

16.     The subject property may be sold by a private sale conducted by defendants prior to June 30, 2017, for the purpose of applying the proceeds from the private sale to the satisfaction of their liabilities to and HSBC Bank USA, N.A. as successor in interest to Crossland Federal savings Bank ("HSBC"), the California Franchise Tax Board ("FTB") and the United States in the order of priority described in the orders entered by this Court on October 16, 2015, as Docket Number 55, and December 1, 2015, as Docket Number 62.

17.     The terms and conditions of private sale shall be as follows:

a.     The subject property will be listed by defendants through a licensed broker on MLS (Multiple Lister System).  A copy of the listing agreement and MLS listing will be furnished to the United States through the Assistant United States Attorney (AUSA) acting as its counsel in this case.  The documents shall be furnished to the following address:

> United States Attorney's Office
> Attn: Charles Parker, AUSA
> 300 N. Los Angeles Street, Suite 7211
> Los Angeles, CA 90012

b.     Defendants shall have the right to conditionally accept an offer subject to approval by the United States of America and must communicate and transmit such offer and conditional acceptance to the AUSA within five (5) days at the address specified in 16(a) above.  Within ten (10) business days of receiving notice the conditional acceptance, written rejection or approval by the United States of America of an offer must be provided to defendants

or their counsel, otherwise, the United States will have waived any objections to the conditionally accepted offer.

c.   The commission due to the buying and selling agents shall not exceed 6 percent of the total sale price.  Other commercially reasonable sales costs are to be paid out of the sale proceeds.  If a party objects the reasonableness of any sales cost, the dispute will be resolved by the court upon motion by the objecting party.

d.   The minimum bid shall be the sum of the (1) balances due on the federal tax liabilities at issue in this case, (2) balance due on the Deed of Trust to HSBC and (3) any other balances which are entitled to priority of payment from the proceeds of the sale of the subject real property or 75 percent of the current fair market value as determined by a Property Appraisal/Liquidation Specialist (PALS) for the Internal Revenue Service ("IRS") based on its appraisal of the subject real property, whichever sum is lesser.

e.   The purchaser shall be required to deposit into escrow a minimum of $10,000 within three (3) days upon the offer being accepted.  Should any purchaser open escrow by virtue of this private sale but later forfeit said deposit for failure to comply with the terms of the sale, such deposit will be determined to be a penalty, and the deposit shall be paid over to the United States as a credit on the judgment of the United States for joint Federal tax assessments against defendants Kenneth Lovelace and Evelyn Lovelace for 1999, 2000, 2001, 2002, and 2011 and the Deed of Trust assigned to HSBC, with no amount being retained by defendants.

18.   If Defendants are unable to sell the subject property by **June 30, 2017**, and/or unable to satisfy their outstanding tax liabilities by **June 30, 2017**, the IRS shall be permitted to sell the subject property.  This date may be extended in the sole discretion of plaintiff United States.

//

**FORECLOSURE SALE**

19.     If Defendants are unable to sell the subject property or satisfy the Federal tax liens through a refinance or otherwise by **June 30, 2017**, the IRS shall be permitted to sell the property by the Area Director of the IRS, Los Angeles, California Area (Area Director), or his delegate, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.  The sale shall also be subject to the terms and conditions of the "Order" entered by the Court on October 16, 2015, as Docket Number 55, which bound HSBC and Chase to any judgment entered in this case, which is incorporated herein by reference.

20.     The subject property shall be sold at a public sale to be held at the Stanley Mosk Los Angeles County Courthouse 111 North Hill Street, Los Angeles, California as follows:

      a.  The PALS shall announce the date and time for sale.

      b.  Notice of the sale shall be published once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California.  Said notice shall describe the subject property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

      c.  The terms and conditions of sale shall be as follows:

          i.  A minimum bid determined by reference to the current fair market value shall be required.  The minimum bid shall be 75 percent of the current fair market value as determined by an appraisal of the subject property by the PALS.  The terms of sale as to all persons or parties bidding shall be by money order or by certified or cashier's check

          ii.  The PALS shall set the minimum bid.  If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court,

and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

iii. At the time of the sale, the successful bidder shall be required to deposit with the PALS, by cash, money order, or by certified or cashier's check payable to the United States District Court for the Central District of California, a deposit equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder.

iv. The successful bidder shall remit the remaining eighty percent (80%) of said purchase price to be paid on or before 5:00 p.m., within three (3) business days of the date of sale, by cash, money order, or by certified or cashier's check payable to the United States District Court for the Central District of California.

v. The cash, money order, or certified or cashier's check payable to the United States District Court for the Central District of California shall be given to the PALS by the successful bidder, who will deposit the funds with the Clerk of this Court.

vi. Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty. The Clerk shall distribute the 20 percent penalty as directed by the PALS by check made to the "United States Treasury" to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States. The subject property shall again be offered for sale under the terms and conditions of this order for sale or, in the alternative, sold to the second highest bidder. Any amount paid over and delivered to the United States under this provision shall not be a credit on the judgment of the United States against the liabilities at issue herein.

8

21.     The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's register for distribution pursuant to a further order.

22.     Upon selling the subject property, the United States of America shall prepare and file with this Court an Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds, which will set forth an accounting and report of sale for the subject property.  The sale of the subject property shall be subject to confirmation by this Court.   The Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds shall be filed within thirty (30) days from the date of such sale.  If no objections have been filed in writing in this cause with the Clerk of the Court within fifteen (15) days of the date of sale, the sale shall be confirmed by the Court without necessity of motion.  On confirmation of the sale, the Court will direct the Internal Revenue Service to execute and deliver its deed conveying the subject property to the purchaser.  On confirmation of the sale, all interests in, liens against, or claims to the subject property that are held or asserted by all parties to this action are discharged and extinguished.

23.     Possession of the subject property which is sold shall be yielded to the purchaser upon the production of the Certificate and Sale of Deed; and if there is refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the subject property to the purchaser.

**DISTRIBUTION OF PROCEEDS FOR SALE OR REFINANCE**

24.     The proceeds of the sale of the subject property, whether by private sale or judicial foreclosure sale by the IRS, should be applied to the following items, in the order specified:

      a. If the property is sold by private sale or judicial foreclosure sale by the IRS, the expenses of the sale of the subject property shall be paid first to the party who incurred the expenses of the sale;

      b. Second, to the Los Angeles County Assessor, or other local taxing authority, for any real property taxes and other local assessments due and owing;

c.  Third, to HSBC for the outstanding balance of the Deed of Trust assigned to HSBC and currently being serviced by Chase, consistent with the Court's Order entered October 16, 2015, at Docket Number 55;

d.  Fourth, the remaining proceeds shall be distributed consistent with the Court's Order entered December 1, 2015, at Docket Number 62, regarding the lien priorities of the California FTB and the United States, as follows:

| Party | Assessment Date | Tax Year | Balance as of January 1, 2016 |
|-------|-----------------|----------|-------------------------------|
| FTB | November 15, 2004 | 2002 | $312,302.48 |
| FTB | November 18, 2004 | 2001 | $99,265.85 |
| United States | July 8, 2005 | 1999 | $357,404.53 |
| United States | July 25, 2005 | 2001 | $48,955.40 |
| United States | July 25, 2005 | 2002 | $1,970.66 |
| United States | August 18, 2005 | 2000 | $537,850.42 |
| FTB | August 14, 2006 | 2002 | $577.52 |
| FTB | August 15, 2006 | 2001 | $8,661.82 |
| FTB | August 20, 2006 | 1999 | $164,927.71 |
| United States | May 21, 2012 | 2011 | $2,963.12 |

e.  Any further remaining sale proceeds shall be held in the Court's registry pending further order from this Court to distribute this money to Defendants or any other interested party pursuant to an Application made by Defendants

or the interest party to the Court; and

      f.   If the subject property is sold by the IRS, after the Court confirms the sale, and by Order on the application made by the United States as to the specific amounts at issue, the sale proceeds deposited with the Clerk of this Court should be paid in the order as delineated in Paragraphs 23(a), (b), (c), (d) and (e) above.

25.   The Court hereby retains jurisdiction of this action for the purpose of making proper distributions of the proceeds of the sale, and resolving any dispute, in any, pursuant to the Application by the United States Confirming Sale and Directing Distribution of Sale Proceeds, and Order of this Court upon said Application.

**ATTORNEY'S FEES**

26.   The United States agrees to bear its own costs and attorney's fees against Defendants and Defendants agree to bear their own costs and attorney's fees as against the United States.

27.   All causes of action contained in the Amended Complaint are hereby resolved and there are no remaining issues for trial.

**IT IS SO ORDERED**

Dated: December 22, 2015

_____
GEORGE H. WU
United States District Judge

Respectfully presented,

EILEEN M. DECKER
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

_____/s/_____
CHARLES PARKER
Assistant United States Attorney
Attorneys for the United States of America